HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD CURTIS DAVIS,<br><br>Defendant. | Case No. CR10-5219RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Fed. R. Crim. P. 29(c) Motion for Judgment of Acquittal [Dkt. #103]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. **BACKGROUND**

The defendant was charged by way of a Second Superseding Indictment with five counts: Count I, Felon in Possession of a Firearm - Armed Career Criminal (.338 Winchester Magnum rifle); Count II, Felon in Possession of a Firearm - Armed Career Criminal (multiple weapons); Count III, Felon in Possession of Ammunition - Armed Career Criminal (bullet found in dresser); Count IV, Possession of Marijuana with Intent to Distribute; and, Count V, Possession of a Firearm in Furtherance of Drug Trafficking. After a three day jury trial, the jury returned verdicts of guilty on Counts I, III, and IV, and not guilty on Counts II and V. The defendant now seeks a judgment of acquittal as to Count I, Felon in

Possession of a Firearm, and Count IV, Possession of Marijuana with Intent to Deliver. He does not challenge his conviction on Count III, Felon in Possession of Ammunition.

## II. DISCUSSION

**A.      Legal Standard.**

This Court may overturn the jury's verdict and grant the defendant's motion for judgment of acquittal only if, in viewing the evidence "in the light most favorable to the prosecution" the Court determines no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010 (en banc). This is a two-step inquiry. *Nevils*, 568 F.3d at 1164-1165. First, the Court must review the evidence in the light most favorable to the prosecution. When "faced with a record of historical facts that supports conflicting inferences" the Court "must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id*. quoting *Jackson v. Virginia,* 443 U.S. at 326. Second, the Court must determine whether "any" rational trier of fact could have found the defendant guilty beyond a reasonable doubt*. Id*.

**B.      Defendant's Argument.**

The defendant's position is that the mere proximity of the gun and marijuana found in the storage area upstairs near his bedroom is insufficient to prove guilt. He argues that the evidence did not establish that he exercised dominion and control over the contraband such that a jury could rationally find that he possessed it, constructively or otherwise.

**C.      Analysis.**

The defendant's argument ignores other evidence presented at trial. In addition to the physical proximity of the storage area to the defendant's bedroom, the jury heard from the owner of the house and defendant's boss, Joanne Edwards. Ms. Edwards testified that defendant rented the entire upstairs of the small house. During defense counsel's able cross-examination, Ms. Edwards admitted that she had the power to exclude the defendant from the storage area; however, she also testified that she had not been upstairs since the defendant moved in. She also testified that while driving the defendant to work one day the defendant told her he would rather earn money by selling drugs than by working and that he liked to

have guns for protection.

The Government presented evidence recovered in the search of defendant's bedroom that linked him to the marijuana and, by inference, the rifle found in the storage area. In the storage area officers found eight foldover-style baggies each containing about 1.88 grams of marijuana, and a gram scale. The drugs and scale were in the drawer of a table. The rifle was on top of the table. In the defendant's bedroom officers found three foldover-style baggies of marijuana weighing an average of 1.8 grams each, a box of foldover-style baggies with baggies missing, and $210.00 in cash.

Defense counsel poked holes in Ms. Edward's testimony about the defendant's control of the upstairs and undermined her credibility by pointing out her relationship to Jean Lamar Baptiste. However, the conflicts in the inferences that can be reached as to who controlled the upstairs of the house must be resolved in the Government's favor. Furthermore, credibility determinations are solely the province of the jury and with few exceptions not present here, this Court cannot disturb the jury's findings on credibility.

A rational jury could reasonably conclude based upon the proximity of the rifle and marijuana to defendant's bedroom, the testimony of Ms. Edwards, and the similarity of the packaging and weight of marijuana found in both locations, that defendant possessed the rifle and the marijuana recovered from the storage area as charged in Counts I and IV.

Defendant's Fed. R. Crim. P. 29(c) Motion for Judgment of Acquittal [Dkt. #103] is **DENIED.**

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 28th day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE